ELIZABETH MARTIN, as Administratrix, etc., of WILLIAM J. MARTIN, Deceased, Respondent, *v.* SAMUEL A. HERZOG, Appellant, Impleaded with FRANCES HERZOG, Defendant.

Second Department, February 2, 1917.

Motor vehicles — negligence — collision between automobile and unlighted wagon while passing at a turn in the road — contributory negligence — failure to have light on wagon.

Where, in an action for negligence, it appears that the defendant's automobile, properly lighted, collided with decedent's horse-drawn wagon which carried no light, as required by statute, as they were passing at a turn in the road, due to the defendant's being too far toward the left side, it was error for the court to refuse to charge "that the failure to have a light on the plaintiff's vehicle is *prima facie* evidence of contributory negligence on the part of the plaintiff."

The absence of the light on the wagon was under the circumstances a contributory cause, for the statute intended that such a light should be a signal to aid a person operating a motor vehicle to "turn the same to the right of the center of such highway so as to pass without interference."

APPEAL by the defendant, Samuel A. Herzog, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of February, 1916, upon the verdict of a jury for $15,000, and also from an order entered in said clerk's office on the 8th day of March, 1916, denying appellant's motion for a new trial made upon the minutes.

*Herbert C. Smyth* [*Floyd K. Diefendorf, Roderic Wellman* and *Alfred W. Andrews* with him on the brief], for the appellant.

*Hugh A. Thornton* [*Michael J. Tierney* with him on the brief], for the respondent.

THOMAS, J.:

On August 21, 1915, shortly before eight P. M., the defendant's automobile, going eastward, and decedent's horse and wagon, going westward, collided at a turn in the road. The plaintiff and her husband saw the car when it was some distance away, because it had lights. The defendant did not see a light on the wagon because it had none, as the Highway Law (Laws of 1915, chap. 367, § 329a)* requires. The defendant has been adjudged culpably negligent because, as found, he was too far towards the left side of the road, so that the left side of the car collided with the left side of the horse and wagon. Hence defendant, obeying the statute† in matter of light, is condemned for undue divergence from the right, and the plaintiff, disobeying the statute, is acquitted of all contributory fault. But why did the defendant deviate? In directing the wheels of the car to the left, as was necessary to round the turn, the range of the car lights would be still cast to the right, away from the road, and the defendant would turn his eyes from their influence to the darkness, whatever its degree, with the usual diminution of vision. In that shadow or darkness the statute commanded the dece-

---

* See Consol. Laws, chap. 25 (Laws of 1909, chap. 30), § 329a, added by Laws of 1914, chap. 32, as amd. by Laws, of 1915, chap. 367.— [REP.

† See, also, Highway Law, § 286, subd. 1, as added by Laws of 1910, chap. 374.— [REP.

dent to have a light.   It would have forewarned the defendant at a distance; it would have guided his approach; it would have localized the carriage at the turn; it would have warned the defendant at every part of maneuver of passing.   So the plaintiff accuses the defendant of getting too close to the wagon, although her husband withheld from the defendant the very signal that would have enabled the defendant to follow the true course and keep a proper bearing.   The statute was for decedent's protection; it was to enable the defendant to guard against injury to himself or to the decedent.   In the very nature of the case the absence of the light was a contributory cause, for the statute intended that a light on the carriage should be a signal that would aid the person operating a motor vehicle to "turn the same to the right of the center of such highway so as to pass without interference," as the statute required him to do.   (See Highway Law, § 286, subd. 3, as added by Laws of 1910, chap. 374.   See, also, Id. § 332, subd. 1.)   The court charged that the jury could consider the absence of light "in determining whether plaintiff's intestate was guilty of contributory negligence in failing to have a light upon the buggy as provided by law.   I do not mean to say that the absence of the light necessarily makes him negligent, but it is a fact for your consideration."   The court was asked to charge "that the failure to have a light on the plaintiff's vehicle is *prima facie* evidence of contributory negligence on the part of the plaintiff," and charged as follows: "I think I will decline to charge in that language, but state to the jury they may consider it on the question of negligence, but it is not in itself conclusive evidence of negligence."   The defendant's counsel did not suggest that the absence of light was conclusive evidence, but asked instruction that it was "*prima facie* evidence" that the decedent's negligence contributed to the accident; that is, that it by itself was sufficient evidence of such negligence; that its probative force was such that it must be overcome before the plaintiff could recover.   But the jury, undirected, was allowed to consider the default as lightly or gravely as it would.   The testimony of plaintiff's witnesses to the accident was so confused or disparaged, and the inferences from physical conditions so affected

her contentions, that the error to charge as requested must be regarded as legally hurtful. I deem the decision of *Amberg* v. *Kinley* (214 N. Y. 531) as a comprehensive and deliberate survey and solution of the question, which renders other citation of authority unnecessary.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., STAPLETON and PUTNAM, JJ., concurred; CARR, J., not voting.

Judgment and order reversed and new trial granted, costs to abide the event.